IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.:

Heparin Products Liability Litigation          MDL No. 1953

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Sonny Saipale, et al.,

      Plaintiffs          Case No.: 1:09HC60132

  v.          **ORDER**

Baxter Healthcare Corp., et al.,

      Defendants

This is a suit arising from the alleged administration of contaminated heparin, which the Judicial Panel on Multi-District Litigation has referred to the undersigned.

Pending is a motion by the defendant B. Braun Medical to dismiss. (Doc. 29). The gravamen of the motion is that plaintiffs never perfected service on B. Braun.

Plaintiffs do not dispute this contention. Instead, they state that excusable neglect caused them to fail to perfect service after they got no response to their request, made to one of B. Braun's counsel, for waiver and acceptance of service.

I agree with B. Braun that oversight on the part of a member of the plaintiffs' counsel's staff does not constitute good cause. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd*, 507 U.S. 380 (1993).

There is perceptible prejudice to B. Braun. Experience with these cases has shown that, under the best of circumstances, finding out what happened, including whose heparin the patient received, has proven to be very difficult. Bare hospital purchase and patient medical records alone often are not enough. The further one gets from when pertinent events happened, the greater the difficulties become.

B. Braun has at much at stake in learning as much as it can as plaintiffs. The delay has necessarily impaired its ability to do so.

To be sure, B. Braun let the clock tick for more than two years before complaining about a lack of service. But in the meantime, plaintiffs' counsel was getting pleadings from other parties and orders adjudicating various matters. None of those bore B. Braun's fingerprints or mentioned B. Braun as among those affected by what was going on.

In the meantime, this MDL proceeding has gone forward. Dispositive rulings have led to the dismissal of several cases on their merits. I am, moreover, informed, though in no detail, that a large number of cases has settled. At some point, those cases that remain will go back to their "home" courts for dismissal, settlement or trial. When that occurs, some or all the defendants will likely be called on to defend multiple suits in several forums.

Before that happens, it is incumbent on me to ease the impact on those courts by completing the work of the MDL process, rather than leaving that work for other judges. One way to do that, and to moderate the impact on the home courts as they get their cases back, is to address issues such as that which B. Braun raises in its motion to dismiss.

To sum up: I perceive prejudice to B. Braun; the delay is substantial; B. Braun has acted within its rights to wait and see what, if anything, was going to happened, and cannot be charged with bad faith for having done so; the reason for the delay is inattention that lasted for much longer than it should have; and this MDL and future proceedings benefit from dismissing those cases that should be dismissed, when law and equity warrant that result. As they do here.

It is, accordingly,

ORDERED THAT the motion of  B. Braun Medical (Doc. 29) for summary judgment be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge